# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID No. 2202007222 |
| v. | : | |
| | : | |
| MARY VINSON | : | |
| | : | |
| Defendant. | : | |

Submitted: September 10, 2025
Decided: September 19, 2025

## ORDER

On this 19th day of September 2025, after considering Defendant Mary Vinson's motion for postconviction relief, and the Commissioner's Report and Recommendation (the "Report"), it appears that:

1. Ms. Vinson pled guilty on September 26, 2023, to six counts of Attempted Child Abuse First Degree, two counts of Kidnapping First Degree, three counts of Attempted Assault Second Degree, four counts of Strangulation, three counts of Reckless Endangering First Degree, two counts of Endangering the Welfare of a Child, two counts of Conspiracy Second Degree, and one count of False Statement to Police. In the aggregate, the Court sentenced her to 444 years of incarceration suspended after 106 years, followed by probation.

2. Ms. Vinson did not file a direct appeal. Rather, she filed a motion for postconviction relief in January 2025. In her postconviction motion, she challenges her guilty plea because of the alleged ineffective assistance of counsel.

3. After considering the parties' positions, the Commissioner issued her findings and recommendations in the Report attached as Exhibit A. In the Report,

she explained why Ms. Vinson failed to demonstrate that her counsel was ineffective.

4. After she issued her Report, neither party filed written objections as permitted by Superior Court Criminal Rule 62(a)(5)(ii).[1] Accordingly, the Court accepts her findings and recommendations as required by Rule 62 (a)(5)(iv).

**WHEREFORE**, for the reasons stated in the Report dated August 26, 2025, and after receiving no objections to the Report, the Court **ACCEPTS** the attached Commissioner's Report and Recommendation in its entirety. Defendant Mary Vinson's motion for postconviction relief is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

oc:    Prothonotary
cc:    The Honorable Andrea M. Freud
       Lindsay Taylor, DAG
       Ms. Mary Vinson, BWCI
       Trial Counsel

---

[1] The Commissioner issued her Report on August 26, 2025. Pursuant to Rule 62(a)(5)(ii), any objections were due by September 10, 2025, because of intervening weekends and a holiday. Neither Ms. Vinson nor the State filed objections.

# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | I.D. NO.: 2202007222 |
| | : | |
| | : | Child Abuse - 1st Degree - 6 counts |
| v. | : | Attempted Child Abuse - 1st Degree - 7 counts |
| | : | Kidnapping - 1st Degree - 2 counts |
| | : | Attempted Assault - 2nd Degree - 3 counts |
| MARY VINSON, | : | Strangulation - 4 counts |
| SBI #: 00259324 | : | Reckless Endangering - 1st Degree - 3 counts |
| | : | Endangering the Welfare of a Child - 2 counts |
| | : | Conspiracy - 2nd Degree - 2 counts |
| Defendant. | : | False Statement to Police part of the plea deal -1 count |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant To Superior Court Criminal Rule 61

Kristin M. Dewalt, Esq. and Erik C. Towne Esq., Department of Justice for *State of Delaware*

Mary Vinson, *pro se*

FREUD, Commissioner
August 26, 2025

The defendant, Mary Vinson ("Vinson") pled guilty, on September 26, 2023, to six counts of Child Abuse First Degree, seven counts of Attempted Child Abuse First Degree, two counts of Kidnapping First Degree, three counts of Attempted Assault Second Degree, four counts of Strangulation, three counts of Reckless Endangering First Degree, two counts of Endangering the Welfare of a Child, two counts of Conspiracy Second Degree, and one count of False Statement to Police.

4

As part of the plea deal, the State agreed to enter a *nolle prosequis* on the remaining 584 charges, all of a similar nature. The Parties requested in the Plea agreement a pretrial service investigation. On February 29, 2024, the Court sentenced Vinson to a total of 444 years incarceration suspended after serving 106 years 30 of which were minimum mandated for vary levels of probation.

Vinson did not appeal her conviction to the State Supreme Court. Vinson filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, on January 27, 2025, in which she alleges, in part, ineffective assistant of Counsel.

**FACTS**

Below is a brief recitation of the very disturbing facts of this case as outlined by the State in its response to Vinson's motion and corroborated by the Affidavit of Probable Cause and the many hours of video recording the State seized showing in graphic detail the horrific abuse the victims suffered at Vinson's hand.

> On June 1, 2021, members of the Delaware State Police and the Division of Family Services were dispatched to Defendant's residence regarding an alleged sexual offense that occurred a year prior to the police contact. During the ensuing investigation, officers discovered Defendant and her husband intentionally and repetitively tortured and abused their two juvenile stepsons in their home. The two victims, who were confined to a bedroom and forced to be naked or wear only a diaper, were subjected to around-the-clock physical, emotional, and mental torture.[2] They were regularly beaten, spanked, and strangled, while also having their access to food and water significantly restricted. During this prolonged campaign of abuse, Victim 1 was 9-10 years old, and Victim 2 was 11-13 years old.
>
> On February 16, 2022, Defendant was arrested for two counts of Kidnapping First Degree, seven counts of Child Abuse First Degree, two counts of Reckless Endangering First Degree, six counts of

---

[2] Officers recovered a DVR for security cameras placed in the victims, room. This VR contained approximately five months of footage depicting the torture suffered by the victims.

Strangulation, one count of Conspiracy Second Degree, and two counts of Endangering the Welfare of a Child (misdemeanor).

On September 6, 2022, following a complete review of the recovered surveillance recordings, Defendant was indicted by a grand jury for seven counts of Child Abuse First Degree, 11 counts of Attempted Child Abuse First Degree, two counts of Kidnapping First Degree, two counts of Act of Intimidation, seven counts of Strangulation, one count of Attempted Strangulation, four counts of Reckless Endangering First Degree, 12 counts of Conspiracy Second Degree, four counts of Endangering the Welfare of a Child (felony), three counts of False Statement to Police, 69 counts of Reckless Endangering Second Degree, two counts of Conspiracy Third Degree, 216 counts of Child Abuse Third Degree, 244 counts of Endangering the Welfare of a Child (misdemeanor), and six counts of Menacing.[3]

## VINSON'S CONTENTIONS

In her Motion for Postconviction Relief Vinson raises the following grounds for relief:

| | |
|---|---|
| Ground One: | Ineffective Counsel |
| | Defendant alleges trial counsel was ineffective because trial counsel "never told [her] what motion [she] could put in." |
| Ground Two: | Evidence of Corruption |
| | Defendant alleges trial counsel was ineffective because there was "evidence of corruption." |
| Ground Three: | Bias Decision |
| | Defendant alleges the presentence investigator was biased. |

---

[3] State's response to Defendants Motion for Postconviction Relief. Docket Item #39. at 1-2

## DISCUSSION

Under Delaware law, the Court must first determine whether Vinson has met the procedural requirements of Superior Court Criminal Rule 61(i) before it can consider the merits of the postconviction relief claim.[4] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final. [5] Vinson's motion was filed in a timely fashion; thus the bar of Rule 61(i)(1) does not apply to the Motion. As this is Vinson's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

None of Vinson's claims were raised previously at her plea, sentencing, or on direct appeal. Consequently, they are barred under Superior Court Criminal Rule 61(i)(3) unless she demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights. The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of this rule. To meet the requirements of Rule 61 (d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States or Delaware Supreme Courts, applies to the defendant's case rendering the conviction invalid. Vinson's motion pleads neither requirement of Rule 61(d)(2).

Vinson's third ground for relief was not raised previously therefore it is barred by Rule 61 (i)(3) as she utterly fails to allege cause and more importantly prejudice. She also fails to substantiate in any way her self-serving claim that the presentence

---

4 Bailey v. State, 588 A,2d 1121, 1127 (Del. 1991)

5 Super. Ct. Crim. R. 61(i)(1)

service officer was in any way biased against her. Moreover, it was the Judge not the presentence officer who determines what Vinson's sentence would be. This claim is procedurally barred and meritless.

Vinson's first and second grounds for relief are however, premised on allegations of ineffective assistance of counsel. Therefore, Vinson has alleged sufficient cause for not having asserted these grounds for relief at trial or on direct appeal. Vinson's ineffective assistance of counsel claims are not subject to the procedural default rule, in part, because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Vinson, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[6] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[7]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a

---

6 State v. Gattis, 1995 WL 790961 (Del. Super.).

7 Murray v. Carrier, 477 U.S. 478, 488 (1986).

movant must engage in the two-part analysis enunciated in *Strickland v. Washington*[8] and adopted by the Delaware Supreme Court in *Albury v. State*.[9]

In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were so prejudicial to him that there is a reasonable probability that, but for counsel's error, she would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been her acquittal.[10] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[11] In addition, Delaware Courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[12] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[13] This standard is highly demanding.[14] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[15]

Following a complete review of the record in this matter, it is abundantly clear that Vinson has failed to allege any facts sufficient to substantiate her claims that her attorney was ineffective. I find Trial Counsel's affidavit, in conjunction with the

---

8 466 U.S. 668 (1984).

9 551 A.2d 53, 58 (Del. 1988).

10 Strickland, 466 U.S. at 687

11 Somerville v. State, 703 A.2d 629, 631 (Del. 1997) (Citing Albury v. State, 551 A.2d 53, 60 (Del.1988)) (citations omitted)

12 See e.g., Outten v. State, 720 A.2d 547, 557 (Del. 1998) (citing Boughner v. State, 1995 WL 466465 at *1 (Del. Supr.))

13 Albury, 551 A.2d at 59 (citing Strickland, 466 U.S. at 689)

14 Flamer v. State, 585 A.2d 736, 754 (Del 1990) (quoting Kimmelman v. Morrison, 477 U.S. 365, 383 (1986)).

15 Strickland, 466 U.S. at 689

record, more credible that Vinson's self-serving claims that her Counsel's representation was ineffective. Vinson's Counsel clearly denied the allegations.

Vinson was facing the possibility of hundreds of years incarceration had she been convicted on all counts. The sentence and plea were very reasonable under all the circumstances, especially considering the voluminous video the evidence in the case showing clearly the extensive torture and abuse of the victims. Prior to the entry of the plea, Vinson and her attorney discussed the case and the plea. The plea bargain was clearly advantageous to Vinson. Counsel was successful in negotiating a beneficial plea bargain with the State. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Vinson entered her plea, she stated she was satisfied with the Defense Counsel's performance. She is bound by her statement unless she presents clear and convincing evidence to the contrary, which she has utterly failed to do.[16] Consequently, Vinson has failed to establish that her Counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo,* that Counsel's representation of Vinson was somehow deficient, Vinson must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[17] In an attempt to show prejudice, Vinson simply asserts that her Counsel was ineffective. Vinson's Trial Counsel clearly denied all Vinson's allegation and the records substantiate her. Given the video evidence in this case I am a hard pressed to see any circumstance whereby Vinson would have been acquitted of these charges had she gone to trial and it is likely that she would have been convicted of far more charges and faced even more time incarcerated. My review of the facts of the case leads me to conclude that Counsel's representation of Vinson was well

---

16 Mapp v. State, 1994 WL 91264, at *2 (Del.Supr.) (citing Sullivan v. State, 636 A.2d 931, 937-938 (Del. 1994)).

17 Larson v. State, 1995 WL 389718, at *2(Del.Supr.) (citing Younger v. State, 580 A.2d 552, 556 (Del. 1990)).

within the requirements of the Sixth Amendment and no prejudice has been demonstrated. Her statements are insufficient to establish prejudice, particularly in light of the overwhelming evidence against her. Therefore, I find Vinson's grounds for relief meritless.

To the extent that Vinson alleges her plea, in her case, was involuntary, the record contradicts such allegations. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[18] At the guilty-plea hearing, the Court asked Vinson whether she understood the nature of the charges, the consequences of her pleading guilty, and whether she was voluntarily entering the plea. The Court asked Vinson if she was in fact guilty of the charge. The Court asked Vinson if she understood she would waive her Constitutional rights if she entered the plea including the right to suppress evidence; if she understood each of the Constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether she gave truthful answers to all the questions on the form. The Court asked Vinson if she had discussed her plea and its consequences fully with her attorney. The Court also asked Vinson if she was satisfied with this counsel's representation. Vinson answered each of these questions affirmatively.[19]. I find counsel's representation for more credible than Vinson's self-serving allegations.

Furthermore, prior to entering her plea, Vinson signed a Guilty Plea Form and Plea Agreement in her own handwriting. Vinson's signature on the forms indicate that she understood the Constitutional rights she was relinquishing by pleading guilty and that she freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Vinson is bound by the statements she made on the signed

---

18 Godinez v. Moran, 509 U.S. 389, 400 (1993).

19 State v Vinson, Del. Super., I.D. No. (2200720222) Guilty Plea Tr. Docket Item # 40 at 9 - 21

11

Guilty Plea Form unless she proves otherwise by clear and convincing evidence.[20] I confidently find that Vinson entered her plea knowingly and voluntarily and that Vinson's grounds for relief are completely meritless.

## CONCLUSION

I find that Vinson's counsel represented her in a competent and effective manner as required by the standards set in *Strickland* and that Vinson has failed to demonstrate any prejudice stemming from the representation. I also find that Vinson's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Vinson's Motion for Postconviction Relief as meritless and as procedurally barred by Rule 61(i) (3).

<u>/s/Andrea M. Freud</u>
Commissioner

AMF/pdb
oc: Prothonotary
cc: Resident Judge Jeffrey J Clark
    Lindsay Taylor, DAG
    Trial Counsel
    Mary Vinson, BWCI

---

20 Somerville v. State, 703 A.2d 629, 632 (Del.1997)